## Martin Stevens vs. Luke Dewing.

WHETHER there was a possession of land adverse to the grantor, at the time it was conveyed, so as to render the deed thereof void under the statute of 1807, is a question of fact to be submitted to the jury; and is not to be determined by the court as an interlocutory question.

*Quære.*—If a defendant in ejectment may show title in a stranger?

EJECTMENT for lands in Sheldon. The plaintiff, on trial in the county court, having shown title in himself, and possession in the defendant, so as *prima facie* to entitle him to a verdict, rested his cause.

The defendant thereupon offered in evidence to the jury, (among other matters of defence,) a deed of the premises from the plaintiff to one *John Hammond*, dated May 1, 1822, to the admission of which, the plaintiff objected, on the ground that the said deed was void under the act of 1807, the same having

Franklin,
January,
1827.

Stevens
vs.
Dewing.

been executed while the *defendant* was in actual possession of the demanded premises, claiming the same, adverse to the plaintiff. This objection was taken upon the offer to *read* the deed in evidence; and sundry facts, tending to show the nature of the possession, were given in evidence *to the court*, in support of the objection, which facts are succinctly stated in the following opinion of the Court. The county court, upon those facts, decided that *Dewing*, the defendant, had not an adverse possession of the land in question, on the first day of May, 1822, so as to make the deed from the plaintiff to said *Hammond* void under the statute, and admitted said deed to go in evidence to the jury, and thereupon instructed said jury to return their verdict for the defendant; and they returned their verdict accordingly.

The plaintiff having excepted to the foregoing opinion and decision of the court, the questions thereon arising were placed upon the record, by the agreement of the parties, and certified to this Court for a final decision.

And now the plaintiff moved the court for a new trial, for the causes apparent in the record aforesaid.

After argument, the opinion of the Court was delivered by

Skinner, Ch. J. So far as we are enabled from the case to learn the facts that appeared on the trial, the plaintiff would have been entitled to a verdict, but for the deed by him executed on the first of May, 1822, conveying the premises to *Hammond*.

This deed was objected to by the plaintiff, as having been made of premises then in the possession of *Dewing*, claiming the same adverse to *Stevens*, the grantor, and therefore void under the statute of 1807. Whether there was an adverse possession or not, at the time of the execution of the deed, is a question of fact, to be submitted to the jury. And, although, in some instances, an objection has been taken to the *reading* of the deed, and the evidence of adverse possession has been given to, and the question decided by *the court*, (the parties consenting to, or not opposing that course,) we are not advised of any case in which a decision, contrary to the opinion here expressed, has been made.

Every person conversant with trials of this description, and with the character and nature of the testimony usually given in relation to the subject, must be sensible that it is as proper and necessary the jury should pass upon this, as upon any question of fact whatever.

If, in the case before us, the jury had found the fact, it could not again have been revised; but as the court have placed upon the record, and sent to us the facts upon which the decision was had, it becomes our duty to declare the law arising from those facts.

Where an issue of fact, as provided by statute, is put to the court by consent of parties (and without consent, no such issue

15

*Franklin, January, 1827.*

*Stevens vs. Dewing.*

can be tried by the court,) a decision thereon is conclusive. The effect is the same as a verdict.

The facts reported to have been proved upon the point in question are, that the deed from Stevens to Hammond was executed on the first day of May, 1822; that *Dewing* took the premises in execution against *Adam Stevens* on the 24th of March, 1821, and on the 4th of October, 1821, (the time of redemption having expired,) *Dewing* declared himself to be the owner of the land, and that he should go on to take possession; that he took his wood from the land the winter following, viz. the winter of 1821, 2. Early in the spring, he repaired the fences, and built a new fence between the meadow and pasture, by the first of May; that he took the crops from the land that season, and has continued in possession ever since. No evidence was given of any other persons being in possession after the 4th of October, 1821, excepting, that one *Landfier*, in the winter, foddered to his cattle a stack of hay, which must have been placed there before the time of redemption expired, and of course before *Dewing* had a right to possess, and while *Landfier* (who it appears from the case, held as tenant to *Stevens* till the first of October, 1821) had the possession. The occupancy of the house can have nothing to do with the question, as it does not stand upon the premises in dispute.

From these facts it is very evident *Dewing* was in possession of the premises on the first of May, 1822, (the day the deed was executed to *Hammond*,) claiming the same, adverse to *Stevens*, the grantor. The deed, therefore, is void.

The question whether the defendant could avail himself of an outstanding title, claims more attention than we can gratuitously bestow upon it. It has, at the present term, been partially considered, in the case of *Hathaway* vs. *Phelps;*(a) and as the new trial must in this case be granted upon the ground already suggested, it is unnecessary to occupy more time upon any other points in the case.

a See ante: p. 84.

New trial granted.

PRENTISS, J. absent by reason of indisposition.

*J. P. Richardson* and *B. Turner,* for the plaintiff.

*Augustus Burt, Asa Aldis* and *Jas. Davis,* for the defendant.